**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4005**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC KAREEM DUDLEY, a/k/a E-Dub,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, Chief District Judge. (7:18-cr-00198-BO-1)

Submitted: November 25, 2020          Decided: December 2, 2020

Before GREGORY, Chief Judge, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Walter H. Paramore, III, LAW OFFICES OF W. H. PARAMORE, III, Jacksonville, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Kareem Dudley pleaded guilty to conspiracy with intent to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and possession with intent to distribute and distribute a quantity of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On appeal, Dudley's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether Dudley's sentence is procedurally and substantively reasonable. Although notified of his right to file a pro se supplemental brief, Dudley has not done so. We affirm.[*]

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Our review of Dudley's sentence requires consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *Id.* "Regardless of whether the district court imposes an above, below, or within-Guidelines sentence, it must place on the record an individualized assessment based on the

---

[*] Because the Government has not moved to enforce the appellate waiver in Dudley's plea agreement, we conduct a full review pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

2

particular facts of the case before it." *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).

If there is no "significant procedural error," we next evaluate the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. "[W]e are obliged to apply a presumption of reasonableness to a sentence within or below a properly calculated guidelines range. That presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (citation and internal quotation marks omitted).

Because Dudley neither objected to the district court's advisory Sentencing Guidelines calculation nor argued for a sentence different than that imposed by the district court, we review Dudley's sentence for plain error. *United States v. Lynn*, 592 F.3d 572, 577, 580 (4th Cir. 2010). Under the plain error standard, we "will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).

In this case, the district court erred by failing to provide an explanation for the 220-month sentence it imposed on Dudley. We conclude, however, that this error did not affect Dudley's substantial rights. Because Dudley received a downward variance, the district court's inadequate explanation "did not have a substantial and injurious effect or influence on the result" of the sentencing proceeding. *Lynn*, 592 F.3d at 585 (internal quotation

3

marks omitted). Furthermore, the district court reviewed the nature and circumstances of the offense and Dudley's criminal history before imposing a sentence below the low end of the applicable Guidelines range, demonstrating that it was aware of and considered the pertinent § 3553(a) factors. Finally, Dudley has failed to rebut the presumption that his below-Guidelines sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Dudley, in writing, of the right to petition the Supreme Court of the United States for further review. If Dudley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dudley. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*